IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

UNITED STATES OF AMERICA,  : CASE NO. 5: 07 CR 38

   Plaintiff, :

 : MEMORANDUM OF OPINION AND
-vs- : ORDER DENYING DEFENDANT'S
 : MOTIONS TO DISMISS THE
 : INDICTMENT

MARC LAMARCA, a.k.a.
MARC LAMARCO

   Defendant. :

---

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Currently before the Court are defendant Marc LaMarca's ("Mr. LaMarca") motion to dismiss Count One (Doc. 36), and motion to dismiss Counts Two, Three, and Four (Doc. 38) of the four-count Indictment. The government has filed respective briefs in opposition. (Docs. 39, 41). Mr. LaMarca has filed respective reply briefs. (Docs. 42, 46). For the reasons discussed below the Court will deny Mr. LaMarca's motions to dismiss.

Mr. LaMarca is charged in a four-count Indictment emerging from alleged actions occurring between June 2000 and July 2003, while the defendant was the Vice

President and Chief Executive Officer of Beauty Enterprises, Inc. (doing business as Vogue Beauty Academy, hereinafter "Vogue"), and Charmayne, Inc. (doing business as Charmayne Beauty Academy, hereinafter "Charmayne"). Count One charges Mr. LaMarca with violating 20 U.S.C. § 1097(a), which provides criminal penalties in regard to student financial assistance:

> Any person who knowingly and willfully embezzles, misapplies, steals, obtains by fraud, false statement, or forgery, or fails to refund any funds, assets, or property provided or insured under this subchapter and part C of subchapter I of chapter 34 of Title 42 or attempts to so embezzle, misapply, steal, obtain by fraud, false statement or forgery, or fail to refund any funds, assets, or property, shall be fined not more than $20,000 or imprisoned for not more than 5 years, or both, except if the amount so embezzled, misapplied, stolen, obtained by fraud, false statement, or forgery, or failed to be refunded does not exceed $200, then the fine shall not be more than $5,000 and imprisonment shall not exceed one year, or both.

20 U.S.C. § 1097(a). Specifically, Count One alleges that defendant Marc LaMarca, did:

> knowingly and willfully fail to refund, as required by federal regulation, to the Department of Education, funds which were received as Pell grant moneys for students at Vogue and Charmayne (sometimes referred to hereafter as "the schools") who did not complete their course of study or were otherwise not entitled to Pell grants.
> . . .
> As of July 3, 2003, the defendant had failed to make refunds of Pell monies to the Department of Education totaling $697,520.88.

All in violation of Title 20, United States Code, Section 1097(a) and Title 18, United States Code, Section 2. (Doc.1, at 2, 10).

Mr. LaMarca contends Count One of the Indictment must be dismissed because the United States Department of Education ("USDE") "did not complete its Title IV program review and issue a Final Program Review Determination Letter ("Determination

2

Letter")" which would have provided a "final enforceable determination by the USDE of refund liability" with regard to the Pell Grants at issue, thus allowing the Schools and Mr. LaMarca to pursue an administrative appeals process. (Doc. 36, at 1, 20). Because the USDE did not provide the determination letter, Mr. LaMarca maintains:

> (1) the government has not presented and cannot present sufficient evidence to prove beyond a reasonable doubt the amount of Pell Grant funds that Mr. LaMarca allegedly caused Charmayne and Vogue Beauty Academies to fail to refund to the USDE; (2) the Schools, and indirectly Mr. LaMarca have been denied the opportunity to appeal the government's refund determination before an impartial hearing officer who is trained and qualified to determine the refund amounts owed to the USDE, if any; and, (3) the Grand Jury's decision to indict Mr. LaMarca was based on incomplete and inaccurate information presented by the government.

(Doc. 1, at 1). The Court will take each of Mr. LaMarca's arguments in turn.

**MOTION TO DISMISS COUNT ONE OF THE INDICTMENT**

**(1) Insufficient Evidence**

Mr. LaMarca maintains that for a jury to find him guilty under 20 U.S.C. § 1097(a), the government "must allege and present sufficient, credible evidence proving beyond a reasonable doubt that the amount of the Pell Grant funds that ... [he] knowingly and willfully caused the Schools to fail to refund for specific students who withdrew prior to completing their coursework at each of the Schools." (Doc. 36, at 17). In support, he cites the jury instructions from the case of United States v. Bedford before the United States District Court, Western District of Louisiana, Lake Charles Division. Id (Exhibit P). Mr. LaMarca's argument is not compelling.

3

First, the jury instructions stand as mere examples, not holdings. Nor are the jury instructions from a jurisdiction which is binding on this Court. Furthermore, the instructions do not state that the amount need be specified, only that the funds have a value in excess of $200. (Doc 36, Ex. Q). The Indictment, in this instance, presents an iteration of amounts sufficient to exceed that minimum statutory threshold. (Doc. 1, ¶¶ 18-25).

Mr. LarMarca additionally argues the Indictment is insufficient for failing to allege the essential elements of a claim under § 1097(a). Specifically, he argues failure to include (1) the names of the individual withdrawn students for whom the Schools allegedly owe the refund, (2) the specific refund amount for each student, (3) the date each student last attended the Schools, and (4) the basis for calculating each refund allegedly owed. (Doc. 36, at 17). To buttress his argument, Mr. LaMarca cites the indictments in <u>Bedford</u> and <u>United States v. Garcia</u>. (Doc. 36, at 17; Ex. Q; Ex. Addition to Ex. Q). However, the specificity of these non-binding examples do not render the instant Indictment of Mr. LaMarca insufficient.

Rather, the Indictment alleges Mr. LaMarca knowingly and wilfully failed to make refunds of federal grant monies as required by law in an amount sufficient to allege a felony rather than a misdemeanor. Pursuant to <u>Bates v. United States</u>, 522 U.S. 23, 25, 31-32 (1997), and <u>United States v. Weaver</u>, 275 F. 3d 1320, 1330-33 (11th Cir. 2001), those elements are sufficient to place the Indictment before the Court.

Further, Mr. LaMarca fails to provide any case law in support of his insufficiency claims regarding his Indictment under § 1097(a). Cases to the contrary defeat Mr. LaMarca's assertions. For instance, in <u>United States v. Hampton</u>, 153 F. Supp. 2d

1262 (D. Kan. 2001), the defendant filed a motion to dismiss alleging an insufficient factual basis under 20 U.S.C. § 1097(a). The Hampton Court held that "[g]enerally, defendants may not challenge, by pretrial motion, the strength or weakness of the government's case, or the sufficiency of the government's evidence to support a charge." Id. at 1266 (citing United States v. King, 581 F. 2d 800, 802 (10th Cir. 1978)). The Hampton Court also relied upon the United States Supreme Court case of United States v. Sampson, which held in examining indictments for a fraud case that "[o]f course, none of these charges have been established by evidence, but at this stage of the proceedings the indictment must be tested by its sufficiency to charge an offense." 371 U.S. 75, 78-79, 83 S.Ct. 173, 174-75. The instant Indictment sufficiently charges Mr. Lamarca with violating §1097(a).

Defendants are rarely granted a pretrial dismissal based solely on arguments that the government's evidence, when presented, will be insufficient to convince a reasonable jury. United States v. Hall, 20 F. 3d 1084, 1087 (10th Cir. 1994). The exceptions occur when "the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts in making the determination regarding a submissible case." Id. at 1087. These exceptions do not apply in the present case. As the Indictment alleges Mr. LaMarca knowingly and wilfully failed to make refunds of federal grant monies as required by law totaling $697,520.88 (Doc. 1) the government has presented evidence sufficient for the offense charged in the Indictment.

Finally, Mr. LaMarca's contention that the Schools' failure to receive a Determination Letter creates a legally unabiding uncertainty does not establish an

5

insufficiency of evidence claim capable of sustaining his motion to dismiss Count One. (Doc. 36, at 18-19). There is nothing in Section 1097(a) to indicate the legal necessity of a Determination Letter as a condition precedent for the government to proceed with an indictment.

### (2) Administrative Appeal as Necessary

In his second argument, Mr. LaMarca maintains the USDE denied his due process rights when it failed to issue the Determination Letter that might initiate an administrative appeals process. Specifically, Mr. LaMarca contends he has been denied the opportunity to file a written appeal, to participate in the 34 C.F.R. 668, Subpart H proceedings, and has been prejudiced in his ability to defend the criminal charges without the specific information resulting from the administrative appeals process. (Doc. 36, p. 1). While Title 20 U.S.C § 1070 does not speak specifically to due process rights, the requirements of due process depend on the type of proceeding. Hannah v. Larchie, 363 U.S. 420, 441 80 S.Ct. 1502, 1513 (1960).

Under 20 U.S.C. § 1099c-1(b)(5), the USDE administers a "program review" that identifies problems and "inform[s] the appropriate State and accrediting agency or association whenever the Secretary takes action against an institution." The program review is purely investigative and "does not adjudicate. It does not hold trials or determine anyone's civil or criminal liability. . . . Nor does it indict, punish, or impose any legal sanctions." Aponte v. Calderon, 284 F.3d 184, 192 (1st Cir. 2002) (citing Hannah at 441)). A purely investigative review does not take any affirmative legal action that denies life, liberty or property upon which due process rights are predicated.

6

"It is clear that investigations conducted by administrative agencies, even when they lead to criminal prosecutions, do not trigger due process rights." <u>Aponte</u> at 193 (citing <u>SEC v. Jerry T. O'Brien, Inc.</u>, 467 U.S. 735, 104 S.Ct. 2720 (1984). The USDE "program review" is purely investigatory and because it can not take any affirmative legal action, it does not afford Mr. LaMarca any due process rights that can be denied.

Moreover, Mr. LaMarca's due process rights, in his criminal prosecution, are unaffected by the finality of the USDE "program review." For instance, in the context of tax collection, the appellant defendant in <u>Ford v. United States</u>, 233 F.2d 56 (5th Cir. 1956), contended the trial court committed an error in denying his motion for acquittal because there had been no determination of his tax liability by the Commissioner. The Court found "[w]hatever bearing the appellant's contention might have in a proceeding for the collection of a tax, it has no application in a criminal prosecution for attempting to evade and defeat a tax by filing false and fraudulent returns." <u>Id</u>. at 58. While Mr. LaMarca argues that "the government in <u>Ford</u> never began the administrative process and it did not acknowledge or promise that a final decision 'shall be made,'" the criminal prosecution was, nevertheless, entirely separate and independent. As a threshold matter, beyond the fact that the instant Indictment alleges an amount sufficient to bring the charge within the ambit of a felony, the government's indictment of Mr. LaMarca under § 1097(a) is not an effort to compute the financial deficiency owed the USDE, but rather, is an effort by the government to allege that Mr. LaMarca knowingly failed to compute the arrears honestly.

Relying upon the decision in <u>Bell v. New Jersey</u>, 461 U.S. 773 (1983), Mr. LaMarca contends "the finality of an administrative agency determination is a critical

pre-requisite to the government's exercise of proceedings in federal court." However, Bell is inapposite, as that decision occurred entirely within the confines of a civil dispute, in which the question was whether an appellate court could take jurisdiction of an administrative order that had established an amount of deficiency owed, but not the method of payment. That the Bell Court found the administrative order sufficient to render the decision final and to extend jurisdiction has no bearing on the question of whether the instant Indictment is sufficient to charge Mr. LaMarca of an offense under § 1097(a). The Court finds that Count One of the Indictment is sufficient.

### (3) Insufficient Evidence for the Grand Jury

The Court need not reach Mr. LaMarca's third, and most speculative, argument for dismissal of Count One of the Indictment, namely that the Indictment is predicated on inaccurate and incomplete information being given to the Grand Jury. Where an Indictment, such as the one in this instance, is valid on its face, the propriety of the Grand Jury proceedings need not be subject to challenge on the ground that the Grand Jury reached its decision upon the basis of incomplete or inaccurate information. See United States v. Calandra, 414 U.S. 338, 345 (1974); accord, United States v. Craft 105 F. 3d 1123, 1126-27 (6th Cir. 1997) (finding an indictment valid if it embraces the essential elements of the crime charged, adequately apprises the defendant of the charges so that the defendant may intelligently prepare his or her defense, and provides protection against future prosecutions).

## MOTION TO DISMISS COUNTS TWO, THREE, AND FOUR OF THE INDICTMENT

Count Two alleges that on or about 16 July 2003, Mr. LaMarca:

> knowingly and wilfully, made and used, and caused to be made and used, a false document knowing that it contained materially false and fraudulent statements, to wit: a certification as the Chief Executive Officer of Vogue Beauty Academy that all Title IV refunds had been made as required by federal regulations, when in truth and in fact, there were substantial refunds of Pell monies due and owing by Vogue at that time.

All in violation of Title 18, United states Code, Sections 1001(a)(3) and 2. (Doc. 1, at 10).

Count Three alleges that on or about 16 July 2003, Mr. LaMarca:

> knowingly and wilfully, made and used, and caused to be made and used, a false document knowing that it contained materially false and fraudulent statements, to wit: a certification as the Chief Executive Officer of Charmayne Beauty Academy that all Title IV refunds had been made as required by federal regulations, when in truth and in fact, there were substantial refunds of Pell monies due and owing by [Charmayne][1] at that time.

All in violation of Title 18, United states Code, Sections 1001(a)(3) and 2. (Doc. 1, at 11).

Count Four alleges that sometime between 10 June 2003 and 30 July 2003, Mr. LaMarca:

> entered into a scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent statements, which scheme was designed to deceive the Department of Education as to the status of refunds owed by Vogue and Charmayne, in order to receive more Pell grant funds for the operation of the schools.
> . . .

---

[1]The Indictment refers to "Vogue", but in the context of the Indictment the Court construes the government to mean "Charmayne."

9

> did knowingly mail, and cause to be delivered by mail, two documents entitled "Chief Executive Officer Certification Statement" executed by the defendant on behalf of Vogue Beauty Academy and Charmayne Beauty Academy, to the Department of Education, Chicago, Illinois.

All in violation of Title 18 United States Code, Sections 1341 and 2. (Doc. 1, at 12).

Counts Two and Three are predicated upon an alleged violation of 18 U.S.C. § 1001(a)(2)-(3), which is comprised of five elements: (1) the defendant made a statement; (2) the statement is false or fraudulent; (3) the statement is material; (4) the defendant made the statement knowingly and willfully; and (5) the statement pertained to an activity within the jurisdiction of a federal agency. See United States v. Lutz, 154 F.3d 581, 587 (6th Cir. 1998).

Count Four is premised upon an alleged violation of the "mail fraud" statute, 18 U.S.C. §§ 1341 & 2. The mail fraud statute prohibits the use of the mails by any person "having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises...." 18 U.S.C. § 1341. Mail fraud is comprised of three elements: (1) a scheme or artifice to defraud; (2) use of mails in furtherance of the scheme; and (3) intent to deprive the victim of money or property. United States v. McAuliffe, 490 F.3d 526, 531 (6th Cir. 2007). Materiality of falsehood is a requisite element of mail fraud. Neder v. United States, 527 U.S. 1, 25, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). The misrepresentation "must have the purpose of inducing the victim of the fraud to part with the property or undertake some action that he would not otherwise do absent the misrepresentation or omission." United States v. Daniel, 329 F.3d 480, 487 (6th Cir.2003). A misrepresentation "is material if it has a natural tendency to influence, or is

10

capable of influencing, the decision of the decision-making body to which it was addressed." Neder, 527 U.S. at 16, 119 S.Ct. 1827. As this Circuit has recognized in United States v. Lutz, 154 F.3d at 588, [i]t is not necessary to show that the statement actually influenced an agency, but only that it had the capacity to do so." (citing United States v. Blandford, 33 F.3d 685, 705 (6th Cir.1994)).

In his motion to dismiss Counts Two, Three, and Four of the Indictment, Mr. LaMarca maintains that the government cannot show that he "knowingly and willfully" used a "false document" that contained "materially false and fraudulent statements" representing that the Schools owed no Pell Grant refunds to the USDE. (Doc. 38 at 6-9). Counts Two, Three, and Four are each premised on the Certification Forms Mr. LaMarca signed in his official capacity as CEO of the Schools and submitted with the initial reimbursement request filed by the Schools in mid-July 2003. Mr. LaMarca asks this Court to find that the Certification Forms and their submission to the USDE did not meet the necessary element of a "material" falsehood under 18 U.S.C. § 1001(a)(2)-(3) (Counts Two and Three), or 18 U.S.C. §§ 1341 & 2 (Count Four). Here, Mr. LaMarca specifically maintains "the alleged falsity of the Refund Representation . . . could not possibly have had any tendency or capability to influence decisions and functions of the USDE with respect to whether to make full reimbursement payments to the Schools without any offset or deduction for outstanding funds" because, the USDE was aware of the unpaid funds, the USDE was aware that it could offset prior claims against requested reimbursement funds, and the USDE directed Mr. LaMarca to submit the Certification Forms with the Schools reimbursement requests. (Doc. 38, at 7-8).

11

In so arguing, Mr. LaMarca asserts that the question of whether statements are "material" is one of law, relying upon United States v. Chandler, 752 F.2d 1148, 1151 (6th Cir. 1985) and United States v. Abadi, 706 F.2d 178, 180 (6th Cir.), cert. denied, 464 U.S. 821, 104 S.Ct. 86, 78 L.Ed.2d 95 (1983). The Court in Abadi observed that "materiality" did not represent an element of the offense that must be proved beyond a reasonable doubt but was a "judicially-imposed limitation to insure the reasonable application of the statute." United States v. Abadi, 706 F.2d at 180 n. 2. The Court in Chandler held that "[m]ateriality is established where the false statement 'had a natural tendency to influence, or was capable of influencing, the decision' of the agency." United States v. Chandler, 752 F.2d at 1151 (quoting Weinstock v. United States, 231 F.2d 699, 701-02 (D.C. Cir.1956)). In affirming the trial court's determination of materiality, the Chandler Court found "clear support for the district judge's findings of materiality in the testimony of the Internal Revenue Service auditor." Id.

However, the United States Supreme Court has since recognized the element of materiality not as a question of law but as one upon which the jury must pass, holding in United States v. Gaudin, 515 U.S. 506, 522-23 (1995): "The Constitution gives a criminal defendant the right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged." Accord, United States v. Kone, 307 F. 3d 430, 436 (6th Cir. 2002) (reading Gaudin to hold that when materiality is an element of the charged offense, the issue of materiality must be submitted to the jury).

As the question of materiality is an element of each of the alleged offenses contained in Counts Two, Three and Four, the Court must submit the issue to the jury

12

upon which it will deliberate the question of whether Mr. LaMarca's signed CEO Certification Statements influenced, or had the capacity to influence, the actions of the USDE.

**CONCLUSION**

As the Court finds the Indictment in this case properly alleges all the elements of a violation of 20 U.S.C. § 1097(a), 18 U.S.C. §§ 1001(a)(3), 1341, and 2, Mr. LaMarca's motion to dismiss Count One, and his motion to dismiss Counts Two, Three, and Four are denied.

IT IS SO ORDERED.

Date: 6/6/08

UNITED STATES DISTRICT JUDGE

13