IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
UNITED STATES OF AMERICA      : CASE NO. 5:07 CR 038
                              :
                  Plaintiff,  :
                              :
         -vs-                 : <u>ORDER DENYING DEFENDANT'S</u>
                              : <u>MOTION TO DISMISS INDICTMENT</u>
                              : <u>FOR PRE-INDICTMENT DELAY</u>
MARC LAMARCA,                 :
                              :
                  Defendant.  :
------------------------------------------------------ :
                              :
                              :
                              :
                              :
                              :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

The United States of America handed down an indictment against Mr. Marc LaMarca, Vice-President of the Charmayne and Vogue Beauty Academies, for alleged failure to refund Pell Grant funds on 17 January 2007.  (Doc. #1).

On 28 July 2008, the Defendant filed a motion to dismiss the indictment for pre-indictment delay.  (Doc. #62). Mr. LaMarca contends that the government intentionally and prejudicially targeted him in the investigation rather than investigate Tom LaMarca, the President and Chief Financial Officer ("CFO") of the academies, who had sole knowledge of the beauty schools inner workings.  <u>Id</u>.  In addition, Mr. LaMarca argues that the government knew Tom LaMarca was critically ill, yet never spoke with him about the investigation.  Instead the government delayed the indictment until Tom LaMarca passed away in order to silence a crucial witness for the Defendant.  <u>Id</u>.

The United States filed a response in opposition to Defendant's motion to dismiss for pre-indictment delay on 11 August 2008. (Doc. #63). The government notes the Defendant was indicted prior to Tom LaMarca's death. Id. In addition, the government contends that the Defendant was in a better position to assess his father's condition, yet took no steps to preserve his father's testimony. Id. Moreover, the government conducted a lengthy investigation of the Defendant, the government completed the investigation in October 2006 and then tried to resolve the issue without an indictment. Id. When discussions broke down the government brought the matter to a Grand Jury on 17 January 2007. Id.

On 16 September 2008, Mr. LaMarca filed an untimely reply to government's brief in opposition to Defendant's motion to dismiss for pre-indictment delay. (Doc. #67). In the reply, the Defendant argues the delay was an intentional device to gain a tactical advantage and requests an evidentiary hearing to determine the government's motive for the pre-indictment delay. (Doc. #67).

**I.     Background.**

The government began investigating the Charmayne and Vogue Beauty Academies in October of 2003. At that time, Mr. Marc LaMarca was the only target of the investigation. Due to the complexity and the amount of documents the government seized for the defendant in October of 2003, the government engaged in a lengthy investigation of the Defendant. (Doc. #63). The government received a final prosecution report from the Department of Education recommending prosecution of Mr. LaMarca in late 2005. Id. The government continued the investigative process into the fall of 2006. In October 2006, the government contacted Defendant's counsel, Mr. Bell

2

to discuss a resolution of the potential charges. Discussions broke down and the matter was brought to a Grand Jury on 17 January 2007. Id.

Mr. LaMarca claims his father, Tom LaMarca, the President and CFO of the beauty academies, had sole knowledge of the inner workings of the beauty schools. (Doc. #62). Rather than investigate Tom La Macra, the government targeted Marc LaMarca. Tom LaMarca become critically ill, and the government was notified of his condition. Id. Tom LaMarca passed away in March of 2007, approximately two months after Marc LaMarca's indictment. Id.

**II.    Law and Analysis.**

Pursuant to Federal Rule of Criminal Procedure 48 (b)(1) "[t]he court may dismiss an indictment, information, or complaint if unnecessary delay occurs in: (1) presenting a charge to a grand jury." In addition, "the Due Process Clause of the *U.S. Const. Amed. [sic.] V.* would require dismissal if it were shown ...that pre-indictment delay caused substantial prejudice to [Defendant's] rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused." United States v. Rogers, 118 F.3d 466, 474 - 476 (6th Cir. 1997). When determining whether pre-indictment delay warrants dismissal of the indictment, the Sixth Circuit requires the Defendant to prove a two-part test of "substantial prejudice to the Defendant" and "the prosecution's intent to gain a tactical advantage." Id.; United States v. Brown, 959 F. 2d 63, 66 (6th Cir. 1992).

A. Substantial Prejudice.

To prove unconstitutional pre-indictment delay, the Defendant must first prove "substantial prejudice to his right to a fair trial." Rogers, 959 F.2d at 475. Mr. LaMarca

3

claims the pre-indictment delay caused substantial prejudice to his case because it caused him to lose crucial evidence that cannot be obtained from other sources. (Doc. # 62). Mr. LaMarca argues the three-year delay prevents him from presenting his late father, the President and CFO of the beauty academies, as a witness. Id.

"Several circuits have held that the death of a potentially material witness during an undue pre-indictment delay may prove prejudice, but that is not alone determinative." Rogers 959 F. 2d 475. Defendant Marc LaMarca was indicted on 17 January 2007. In addition, on 31 January 2007 this Court set a trial date for 2 April 2007. Defendant LaMarca's father, Tom LaMarca, passed away in March of 2007. The Defendant's father did not pass away during "an undue pre-indictment delay;" his father passed away approximately two months after the government indicted the Defendant. Mr. LaMarca had time to preserve the testimony of his father, unfortunately Mr. LaMarca failed to do so. As such, the alleged pre-indictment delay did not cause substantial prejudice to the Defendant.

B. Tactical Advantage.

Defendant LaMarca alleges the government intentionally orchestrated the pre-indictment delay as a tactic to deny Mr. LaMarca his right to mount a defense. (Doc. #62). The Defendant claims the government prolonged the investigation until the only witness who could exonerate Mr. LaMarca was unable to testify. The government, however, indicted Mr. LaMarca before his father passed away. In addition, Mr. LaMarca's trial date was set in January, and he was in a better position to assess his father's condition than the government. Mr. LaMarca could have preserved his father's

4

testimony after the indictment, but he failed to document the testimony of who he claims is ""the only witness who could definitively exonerate" him. (Doc. # 62).

"It is well-established that a delay resulting from investigative efforts 'does not deprive a defendant of due process, even if his defense may have been somewhat prejudiced by the lapse of time.'" Rogers, 118 F.3d at 476, citing United States v. Attisha, 804 F.2d 920, 928 (6th Cir. 1986). The government conducted an extensive investigation of the Defendant. The government seized large amounts of complex records from the beauty schools in October 2003. In addition, the government did not receive the Department of Education's final (supplemental) prosecution report recommending prosecution of Mr. LaMarca until late 2005. The government reviewed the report and continued the investigation into the fall of 2006. Near the end of 2006, the government determined the investigation was sufficient.

In October 2006, the government contacted the Defendant's counsel to discuss a possible resolution of the matter. Eventually, discussions between the Defendant and the government broke down. After the government completed an extensive investigation and made an unsuccessful attempt to resolve the matter with the Defendant, the government took the matter to the Grand Jury on 17 January 2007.

The delay in this case was three years. Although a three year delay is substantial, the Sixth Circuit has previously upheld longer periods of pre-indictment delay. *See, e.g.,* United States v. Brown, 667 F.2d 566 (6th Cir. 1982)(upholding delay of approximately five years). In addition, the Sixth Circuit recognizes "no one's interests would be well served by compelling prosecutors to initiate prosecutions as soon as they are legally entitled to do so." Brown, 959 F.2d at 65-66. Rushed prosecutions could

5

result in an increase in unwarranted criminal charges, the inability of law enforcement officers to obtain proof of guilt beyond a reasonable doubt, and the expense of limited judicial resources on insubstantial cases. Id.

The Defendant has not shown the government intentionally delayed the indictment to gain a tactical advantage. First, the government handed down the Defendant's indictment before Tom LaMarca passed away. Second, the Defendant was in the best position to gauge his father's health and to preserve his father's testimony. Lastly, the government conducted a thorough investigation and attempted to resolve this matter with the Defendant prior to seeking an indictment. As such, the government did not intentionally delay the Defendant's indictment to gain a tactical advantage.

### III. Conclusion

The Defendant has not shown that the pre-indictment delay caused substantial prejudice. Nor has the Defendant shown that the government intentionally delayed the indictment to gain a tactical advantage. For the foregoing reasons, the Defendant's motion to dismiss is denied.

IT IS SO ORDERED.

/s/ Lesley Wells  Date:18 Sept. 2008
UNITED STATES DISTRICT JUDGE